WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Burley J. Lane, Jr.<br><br>          Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company, an Illinois corporation,<br><br>          Defendant. | No. CV12-0771 PHX DGC<br><br>**ORDER** |

**I.      Background.**

Plaintiff filed a complaint against Defendant in Arizona state court on December 19, 2011. The complaint asserts breach of contract and bad faith tort claims arising out of Plaintiff's underinsured motorist policy. Plaintiff seeks compensatory, consequential, and punitive damages. Doc. 1-1.

Defendant removed the action to this Court on April 12, 2012. Defendant asserts in its notice of removal that the Court has subject matter jurisdiction under 28 U.S.C. § 1441 because the court has original jurisdiction under 28 U.S.C. § 1332(a). Doc. 1-3.

**II.     Removal and Remand Standards.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

*Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)   "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.   Discussion.

The complaint in this case does not demand a specific dollar amount. "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404; *see Gaus*, 980 F.2d at 566-67. "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377.

In its response to the motion to remand, Defendant correctly states that Plaintiff's recovery could be as much as $100,000, the limit of his insurance policy. This number, however, represents the maximum recovery that Plaintiff could receive under his policy and not the actual amount sought. Defendant must still submit evidence that the damages sought by Plaintiff are likely exceed the statutory minimum for diversity jurisdiction.

Defendant argues that Plaintiff certified in state court that this case was not subject to mandatory arbitration because the damages, including punitive damages but excluding attorney's fees, exceeded $50,000. Defendant relies on this certification to say that the amount in controversy is likely to exceed $75,000. Plaintiff's certification, however,

only says that the damages sought will be over $50,000; it says nothing determinative about the likelihood that the damages will exceed $75,000.

Defendant argues that the potential recovery of sizeable attorney's fees, plaintiff's current medical bills totaling $35,000, and damages for severe and permanent injuries requiring continued treatment are likely to exceed the jurisdictional minimum. Attorney's fees, however, may only be included in the amount in controversy if they were incurred prior to the date of removal; future attorney's fees are too speculative to be included. *Dukes v. Twin City Fire Ins. Co.*, CV-09-2197-PHX-NVW 2010 WL 94109 at *2 (D. Ariz. Jan. 6, 2010). Defendant fails to identify any attorneys' fees incurred to date.

Defendant points to the $35,000 in medical expenses as evidence that the amount in controversy will likely exceed $75,000. Although it is certainly possible that the amount needed to pay for future medical treatment and lost wages will exceed $75,000, Defendant has not provided sufficient evidence to show that it more likely than not will exceed that amount. Speculative estimates of damages "neither overcome[] the 'strong presumption' against removal jurisdiction, nor satisf[y] [Defendant]'s burden of setting forth…the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567.

While Defendant is correct in stating that the Plaintiff neither in his motion to remand nor in his reply in support of the motion to remand eliminates the possibility that his recovery may be greater than $75,000, Plaintiff is not required to eliminate that possibility in order to prevail in this motion. Defendant bears the burden of showing that that "it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404. Defendant has failed to meet their burden. The Court accordingly will remand this matter to state court. *See* 28 U.S.C. § 1447(c); *Valdez*, 372 F.3d at 1118 ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should…remand to state court."); *Matheson*, 319

F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Sanchez*, 102 F.3d at 406 (directing the district court to remand to state court where the defendant had failed to establish the jurisdictional amount by a preponderance of the evidence).

**IT IS ORDERED:**

1. The motion to remand (Doc. 6) is **granted**.
2. The Clerk shall **remand** this case to Maricopa County Superior Court.

Dated this 20th day of June, 2012.

_____
David G. Campbell
United States District Judge